

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

January 15, 2004

The Honorable Ray Montgomery
Leon County District Attorney
Post Office Drawer 1010
Centerville, Texas 75833

Opinion No. GA-0136

Re: Whether a company in which the Leon County Judge has a substantial interest may sell fuel and oil products to the county (RQ-0084-GA)

Dear Mr. Montgomery:

On behalf of the Leon County Auditor (the "Auditor"), you ask whether a company in which the Leon County Judge has a substantial interest may sell fuel and oil products to Leon County (the "County").[1]

The Auditor has informed you that Ryder Oil, a company in which County Judge Byron Ryder owns a substantial interest, wishes to sell fuel and oil products to the County.[2] An outside auditor, whom the commissioners court hired to audit all county offices, has requested that the County seek an attorney general opinion on the legality of these sales. *See* Request Letter, *supra*

---

[1]*See* Letter from Honorable Ray Montgomery, Leon County District Attorney, to Nancy Fuller, Chair, Opinion Committee, Office of the Attorney General (July 23, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

[2]*See* Letter from Susan Pugh, Leon County Auditor, to Honorable Ray Montgomery, Leon County District Attorney (July 22, 2003) (on file with Opinion Committee) [hereinafter County Auditor's Letter]; Leon County Commissioners Court minutes 8 (Jan. 13, 2003) (on file with Opinion Committee) [hereinafter Commissioners Court's Minutes]; Affidavit by Byron Ryder (Jan. 27, 2003) (on file with Opinion Committee) [hereinafter Judge Ryder's Affidavit].

Whether Judge Ryder "owns a substantial interest" in Ryder Oil for purposes of chapter 171, Local Government Code, is a question requiring the resolution of fact questions, and it therefore cannot be determined in the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0003 (2002) at 1 (stating generally that the opinion process does not determine facts); Tex. Att'y Gen. Op. No. DM-259 (1993) at 10 (stating that whether, for purposes of chapter 171, an appraisal district board member has a substantial interest in a business entity is a fact question that cannot be determined in the opinion process). The commissioners court's meeting minutes reflect Judge Ryder's statements that "he has basically turned Ryder Oil over to his sons." Commissioners Court's Minutes, *supra*, at 8. Nevertheless, "[a] local public official is considered to have a substantial interest [for purposes of chapter 171] if the official's child "has a substantial interest." TEX. LOC. GOV'T CODE ANN. § 171.002(c) (Vernon 1999); *see also* TEX. GOV'T CODE ANN. § 573.023(c)(1) (Vernon 1994). In addition, Judge Ryder affirms in his affidavit that he "own[s] a substantial business interest, (as that term is defined in [section] 171.002, Texas Local Government Code), in RYDER OIL COMPANY." Judge Ryder's Affidavit, *supra*, at 1.

note 1, at 1; County Auditor's Letter, *supra* note 2, at 1. The County Auditor cites as particularly relevant sections 81.002 and 171.002 of the Local Government Code. *See* County Auditor's Letter, *supra* note 2, at 1.

Section 81.002 provides the official oath to which a county judge must subscribe before undertaking official public duties. *See* TEX. LOC. GOV'T CODE ANN. § 81.002(a) (Vernon Supp. 2004). In accordance with that section, an incoming county judge "must take the official oath and swear in writing that [he or she] will not be interested, directly or indirectly, in a contract with . . . the county except: (1) a contract . . . expressly authorized by law . . . ." *Id.* "Subject to . . . [c]hapter 171," however, a county judge "may serve as a member of the governing body of or as an officer or director of an entity that does business with the county, excluding a publicly traded corporation or a subsidiary, affiliate, or subdivision of a publicly traded corporation." *Id.* § 81.002(c).

Chapter 171 regulates a local public official's conflicts of interest. *See id.* § 171.004 (Vernon 1999). Section 171.004 requires a local public official with a substantial interest in a business entity to file with the governmental entity's official record keeper "an affidavit stating the nature and extent of the interest" before the governmental entity votes on or decides a matter involving the business entity. *Id.* § 171.004(a)-(b); *see also id.* § 171.001(2) (defining the term "business entity"). In general, the official further must abstain from participating in the matter if "the action . . . will have a special economic effect on the business entity that is distinguishable from the effect on the public." *Id.* § 171.004(a)(1). *But see id.* § 171.004(c) (stating that a local public official need not abstain from participating in a matter requiring an affidavit if a majority of the governmental entity's members "are likewise required to file and . . . do file affidavits" on the same matter). The term "local public official" is defined for purposes of chapter 171 to include a county officer, such as a county judge. *See id.* § 171.001(1). A local public official has a "substantial interest in a business entity" in three circumstances:

> (1) the person owns [ten] percent or more of the voting stock or shares of the business entity or owns either [ten] percent or more or $15,000 or more of the fair market value of the business entity; or

> (2) funds received by the person from the business entity exceed [ten] percent of the person's gross income for the previous year.

> . . . .

> (c) A local public official is considered to have a substantial interest under this section if a person related to the official in the first degree by consanguinity or affinity, as determined under [c]hapter 573, Government Code, has a substantial interest under this section.

*Id.* § 171.002(a). An officer's failure to comply with section 171.004 may result in the action being declared voidable if the action would not have been taken without that officer's vote.    *See id.* § 171.006.

Consistently with the statutory directive to harmonize statutes if possible, *see* TEX. GOV'T CODE ANN. § 311.025(a) (Vernon 1998), this office has harmonized section 81.002 and chapter 171 "by reading chapter 171 to authorize a commissioners court to enter into contracts or take actions in which the county judge . . . has a financial interest 'to the same extent that other local governmental bodies may take such actions.'" Tex. Att'y Gen. Op. No. GA-0090 (2003) at 3 (quoting Tex. Att'y Gen. Op. No. DM-279 (1993) at 4); *accord* Tex. Att'y Gen. Op. Nos. JC-0121 (1999) at 2, JC-0061 (1999) at 2-3. Section 81.002, by itself, absolutely prohibits a county judge from having any interest in a county contract, whereas chapter 171 permits a county commissioners court to take an action affecting a business entity in which the county judge has a financial interest if the judge complies with section 171.004, and even if the judge does not comply, the commissioners court's action is only voidable. *See* TEX. LOC. GOV'T CODE ANN. § 171.006 (Vernon 1999); Tex. Att'y Gen. Op. No. GA-0090 (2003) at 3. As harmonized, a county judge who has a substantial interest in a business entity that will be affected by a commissioners court's vote or decision must comply with section 171.004. Tex. Att'y Gen. Op. No. GA-0090 (2003) at 3 (quoting TEX. LOC. GOV'T CODE ANN. § 171.004(a)(1) (Vernon 1999)).

Because Judge Ryder has a substantial interest in Ryder Oil Company, the company may sell fuel or oil products to the County only if he has filed an affidavit "stating the nature and extent of" his interest in the company and abstains from deliberating or voting on any matter that will "have a special economic effect [on the company,] . . . distinguishable from the effect on the public." TEX. LOC. GOV'T CODE ANN. § 171.004(a)(1) (Vernon 1999). If the county is considering whether to purchase fuel or oil products from Ryder Oil Company, the decision will, as a matter of law, "have a special economic effect on the [corporation] that is distinguishable from the effect on the public." *Id.*; *see* Tex. Att'y Gen. Op. No. DM-279 (1993) at 7 (determining that a county's decision to buy materials from a corporation in which a commissioner has a substantial interest will "as a matter of law, 'have a special economic effect on the' corporation") (quoting TEX. LOC. GOV'T CODE ANN. § 171.004(a)(1)).

## S U M M A R Y

A business entity in which the Leon County Judge owns a substantial interest may sell fuel or oil products to the County only if, in accordance with section 171.004 of the Local Government Code, the judge has filed an affidavit "stating the nature and extent of" his interest in the company and abstains from participating in a deliberation or vote on any matter that will "have a special economic effect [on the company,] . . . distinguishable from its effect on the public." T EX. LOC. GOV'T CODE ANN. § 171.004(a)(1) (Vernon 1999).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee